

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

*1 Courthouse Way, Suite 9200*
*Boston, Massachusetts 02210*

October 15, 2002

John Swomley, Esq
82 Atlantic Avenue
Boston, Ma 02110

**DOCKETED**

    Re:    United States v. Christopher Albert,
            Crim. No. 01-40001-NMG

Dear Mr. Swomley:

    This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Defendant Christopher Albert ("Defendant"), in the above-captioned case. The Agreement is as follows:

    1.    Plea

    On or before October 30, 2002, or as soon thereafter as the court may schedule, Defendant shall plead guilty to the three count Superseding Indictment charging him with possession of child pornography, in violation of 18 U.S.C. §§2252A(a)(5)(B) and 2252A(b)(2), distribution of child pornography in violation of 18 U.S.C. §§2252A(a)(2)(A) and 2252A(b)(1), and interstate transmission of child pornography, in violation of 18 U.S.C. §2252A(a)(1). Defendant expressly and unequivocally admits that he in fact knowingly committed the crimes charged in the Superseding Indictment, that the child pornography for which he is charged in each count of the Superseding Indictment falls within the definition at 18 U.S.C. §2256(8)(A) in that the images depict actual children, and that he is in fact guilty of the charged offenses.

    2.    Penalties

    Defendant faces the following minimum and maximum penalties for Count I of the Superseding Indictment:

        a) incarceration for a minimum of two (2) years and a maximum of 10 years;

1

       b) a $250,000 fine;

       c) a three (3) year term of supervised release; and

       d) a $100, mandatory special assessment.

For Count II of the Superseding Indictment Defendant faces:

       a) incarceration for a minimum of five (5) years and a maximum of 30 years;

       b) a $250,000 fine;

       c) a five (5) year term of supervised release; and

       d) a $100, mandatory special assessment.

For Count III of the Superseding Indictment Defendant faces:

       a) Incarceration for a maximum of 15 years;

       b) a $250,000 fine;

       c) a three (3) year term of supervised release; and

       d) a $100, mandatory special assessment.

Defendant may also be required to register on the Massachusetts Sex Offender Registry as a result of a finding of guilt on any one of the counts in the Superseding Indictment.

3. <u>Sentencing Guidelines</u>

The Parties will take the following positions at sentencing under the United States Sentencing Guidelines:

    a)     U.S.S.G. §2G2.2 is the applicable sentencing guideline, and provides a base offense level of 17;

    b)     U.S.S.G. §2G2.2(b)(1) is applicable as the material involved a prepubescent minor, requiring an increase of two (2) levels;

    c)     U.S.S.G. §2G2.2(b)(2)(E) is applicable as Defendant's distribution of child pornography was other than that set forth in U.S.S.G. §2G2.2(b)(2)(A)-(D), requiring an increase of an additional two (2) levels;

 d) U.S.S.G. §2G2.2(b)(3) is applicable as Defendant's offense involved material portraying sadistic and masochistic conduct or other depictions of violence, requiring an increase of an additional four (4) levels;

 e) U.S.S.G. §2G2.2(b)(4) is applicable as Defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor, requiring an increase of an additional five (5) levels;

 f) U.S.S.G. §2G2.2(b)(5) is applicable as Defendant used a computer for transmission of the material, requiring an increase of an additional two (2) levels;

 g) If Defendant continues to comport himself in a manner that is consistent with full acceptance of responsibility (see below), his offense level should be reduced by three (3) levels pursuant to U.S.S.G. §3E1.1;

 h) Assuming a three level reduction for acceptance of responsibility (see below), defendant's total adjusted offense level is 29.

The Parties further agree that if the Court concludes that Defendant's total adjusted offense level is 29, through some application of the guidelines different from that set out above, neither party will seek to oppose that application for the purpose of reducing Defendant's total adjusted offense level below level 29.

Based on Defendant's prompt acceptance of personal responsibility for the offense(s) of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1. Defendant expressly understands that the Court is not obligated to accept the U.S. Attorney's recommendation on such a reduction.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

 (a) Fails to admit a complete factual basis for the plea;

 (b) Fails to truthfully admit his conduct in the offenses of conviction;

 (c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

 (d) Fails to provide truthful information about his financial status;

    (e)    Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

    (f)    Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

    (g)    Intentionally fails to appear in Court or violates any condition of release;

    (h)    Commits a crime;

    (i)    Transfers any asset protected under any provision of this Agreement; and/or

    (j)    Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G.§ 3C1.1 if Defendant obstructs justice after the date of this Agreement.

4. <u>Sentence Recommendation</u>

The Parties agrees to recommend the following sentence before the District Court:

    a)    incarceration at the low end of the guideline range if Defendant falls within Criminal History Category IV, and incarceration of 120 months if Defendant falls within Criminal History Category III;

    b)    a fine at the low end of the applicable guideline range, unless the court finds pursuant U.S.S.G. § 5E1.2(e) that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

    c)    five (5) years of supervised release with special conditions to include, among other things, intensive sex offender treatment (with polygraph testing), compliance with the requirements of the Massachusetts Sex Offender Registry, and no unsupervised contact with persons under 18 years of age;

        d)       a $100 mandatory special assessment; and

        e)       forfeiture as alleged in the Superseding Indictment.

The U.S. Attorney and Defendant agree that there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines. Accordingly, neither the U.S. Attorney nor Defendant will seek a departure on any ground from the Sentencing Guidelines

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant agrees not to seek to be sentenced or resentenced with the benefit of any successful collateral challenge of any counseled criminal conviction that exists as of the date of this Agreement.

### 5. Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

### 6. Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(e)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

### 7. Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

8.      Forfeiture

Defendant agrees to forfeit to the United States any and all assets subject to forfeiture pursuant to 18 U.S.C. §2253(a) as a result of his guilty plea, as alleged in the forfeiture allegations of the Superseding Indictment.

Defendant hereby waives and releases any and all claims he may have to any personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets. Without limiting the generality of the foregoing, Defendant hereby specifically waives and releases his claims to the computer and related items seized by, or turned over to, the United States Postal Service on or about April 19, 2000. Defense counsel and his associates, investigators and technicians shall be afforded the opportunity at a location designated by the U.S. Attorney to inspect and examine any seized items prior to the sentencing hearing in this matter.

9.      Rejection of Plea By Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

10.     Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

11.     Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

12.     Complete Agreement

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney John T. McNeil.

                                        Very truly yours,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

                                By:     _____
                                        JAMES B. FARMER
                                        Assistant U.S. Attorney
                                        Chief,
                                        Criminal Division

                                        STEPHEN P. HEYMANN
                                        Assistant U.S. Attorney
                                        Deputy Chief,
                                        Criminal Division

                                        JOHN T. McNEIL
                                        Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crime to which I have agreed to plead guilty, the maximum penalties for that offense and Sentencing Guideline penalties potentially applicable to it. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

*Christopher Albert*
CHRISTOPHER ALBERT
Defendant

Date: 10-23-02

I certify that Christopher Albert has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

JOHN SWOMLEY
Attorney for Defendant

Date: 10-28-02